UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLORIA JEAN THOMAS-WISE, <br><br> Debtor-Appellant, <br><br> v. <br><br> RICM PROPERTIES, <br><br> Appellee. | No. 18 CV 5712 <br><br> Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

When appellant Gloria Jean Thomas-Wise filed for bankruptcy in April of 2018, [9] at 65; [17] at 4,[1] all actions seeking to obtain possession of her estate's property were automatically stayed. 11 U.S.C. §§ 301, 362(a); *Matter of Vitreous Steel Prod. Co.*, 911 F.2d 1223, 1231 (7th Cir. 1990). That stay presented a problem for appellee RICM Properties;[2] it had obtained a judgment in state court foreclosure proceedings on the property where Thomas-Wise lived and was planning to hold a foreclosure sale in the coming weeks. *See* [9] at 27–28.

Instead, it postponed the sale and filed a motion seeking relief from the automatic stay. *Id.* at 28, 67. A few days later, the trustee of Thomas-Wise's estate (David Leibowitz) filed a "Report of No Distribution." *Id.* at 68. In it, Leibowitz explained that he had looked into Thomas-Wise's finances and the location of the

---

[1] Bracketed numbers refer to entries on the district court docket.

[2] The party that appeared in bankruptcy court was referred to as "RICM Properties, LLC 7244." *See* [1-6] at 3. The judge directed his orders to that entity as well. *See* [1-3]. Thomas-Wise's appeal names RICM Properties. [1-1].

property belonging to the estate and had determined there was "no property available for distribution from the estate over and above that exempted by law." *Id*. He concluded that the estate had been fully administered. *Id. See also* Fed. R. Bankr. P. 5009; 11 U.S.C. § 362(d)(2)(A).

The bankruptcy court held a hearing on RICM's motion a few weeks later. [9] at 17–33. Thomas-Wise appeared without an attorney and, after explaining that she did not receive notice of the motion, requested twenty-one days to file a written response. [9] at 18–20. When the judge asked her how she had heard about the hearing, she said she looked it up on the court's website. *Id*. at 20. The judge then reviewed a copy of the certificate of service for the motion, *id*. at 21–23, and concluded that the motion had been properly served on June 8. *Id*. at 23–24. Thomas-Wise pointed out that the motion had not been filed until June 12, *id*. at 24, and presented a substantive defense to the foreclosure: RICM did not hold the note to the loan on which they were attempting to collect. *Id*. at 26. The judge explained that he did not find the timing of the filing unusual and, after confirming that Thomas-Wise had made her defense known during the foreclosure proceedings, *id*. at 28–30, determined that the issue was not his to resolve and signed an order lifting the stay. *Id*. at 30–33; [1-3]. That order, entered on June 28, permitted RICM to exercise non-bankruptcy remedies with regard to the property at 7244 S. St. Lawrence Ave., in Chicago, Illinois. [1-3].

A month passed. [9] at 68–69. Near the end of July, Thomas-Wise filed a motion to vacate the order lifting the stay, *id*., arguing that she should have been allowed to

file her written response. [17] at 4. The judge held another hearing, during which he told Thomas-Wise that briefs were not always necessary and reiterated that he believed the issue needed to be resolved as part of the foreclosure proceedings. [9] at 39–42. Thomas-Wise clarified that she was only asking that she be allowed to file a written response before the judge made a decision on the motion to lift the stay. *Id*. at 40. The judge denied her motion and closed the case. *Id*. at 41–42, 69. Thomas-Wise filed an appeal one week later. [1].

Her appeal raises a narrow issue: whether the bankruptcy judge deprived her of due process (in violation of the Fifth and Fourteenth Amendments) when he denied her the opportunity to submit a written brief (and the time necessary to draft it). [17]; [1] at 1–2. She reasons that if RICM was allowed to file a written motion, then she too should have been allowed to file a written response, [17] at 5, and says the bankruptcy judge also violated her due process rights when he denied her motion to vacate. [1] at 3.

RICM sent a representative to a status hearing in this case in November 2018, [22]; [7], but never filed a responsive brief.[3] Leibowitz appeared and filed a brief (which he described as an "amicus curiae" brief) in which he argued that the bankruptcy code permitted the judge to lift the stay because Leibowitz, as trustee, had determined that Thomas-Wise did not have any equity in the property and

---

[3] Because Thomas-Wise's appeal addresses an alleged due process violation visited upon her by the bankruptcy judge—not RICM—I conclude that RICM's lack of participation does not foreclose review here.

3

because the property was not necessary to an effective reorganization (and it never is, he says, because reorganization never occurs in Chapter 7 cases). [20]; 11 U.S.C. § 362(d)(2)(A)–(B); *Matter of Vitreous Steel Prod. Co.*, 911 F.2d 1223, 1232 (7th Cir. 1990).

My jurisdiction is limited to review of "final judgments, orders, and decrees" entered in cases and proceedings. 28 U.S.C. § 158(a)(1). *See also id.* § 158(a)(2) (providing for review of certain interlocutory orders, none of which are at issue here). A "bankruptcy court's lifting of the automatic stay … is a final order." *Matter of Boomgarden*, 780 F.2d 657, 659–60 (7th Cir. 1985). *See also In re Jackson Masonry, LLC*, 906 F.3d 494, 498 (6th Cir. 2018), *cert. granted sub nom. Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 139 S. Ct. 2614 (2019). The deadline for Thomas-Wise to file an appeal fell fourteen days after the judge entered his June 28 order lifting the stay. Fed. R. Bankr. P. 8002(a)(1).

Thomas-Wise's motion to vacate came almost a month after June 28. [9] at 68. Whether her motion is best understood as one for a new trial, *see* Fed. R. Civ. P. 59(a), or one to alter or amend a judgment, *see* Fed. R. Civ. P. 59(e), or one for relief from an order due to mistake or because a judgment was void, Fed. R. Civ. P. 60(b), the rules say that Thomas-Wise had to file it within fourteen days of the "entry of judgment" in order to toll the deadline to appeal. Fed. R. Bankr. P. 8002(b)(1)(B), (D); Fed. R. Bankr. P. 9023; Fed. R. Bankr. P. 9024. *See also In re Res. Tech., Corp.*, No. 08 C 2425, 2008 WL 4876846, at *2 (N.D. Ill. Nov. 7, 2008), *aff'd sub nom. In re Res. Tech. Corp.*, 624 F.3d 376 (7th Cir. 2010). *See also Hope v. United States*, 43 F.3d

4

1140, 1143 (7th Cir. 1994) ("a motion to alter or amend a judgment under Rule 59(e) that is filed more than 10 days after entry of judgment automatically becomes a Rule 60(b) motion," and "a Rule 60(b) motion will not toll the time for filing notice of appeal unless it is filed within 10 days of judgment") (applying the ten-day deadline of a predecessor version of Fed. R. App. P. 4(a)).

But the bankruptcy court never made an "entry of judgment." It eventually closed the case after denying Thomas-Wise's motion to vacate, but it did so more than a month after it granted the motion to lift the stay. *See* [9] at 68–69. That does not mean that there was no deadline to file a motion under Federal Rule of Bankruptcy Procedure 8002(b)(1). Instead, the better reading of the rules is that the order to lift the stay functioned as a final judgment as to the dispute between Thomas-Wise and RICM, and the deadline to file a motion for reconsideration of that order fell fourteen days after it was entered. *See In re Jackson Masonry, LLC*, 906 F.3d at 498 ("[a] bankruptcy case is an aggregation of individual disputes, many of which could be entire cases on their own"). Otherwise, appellants could wait until the very end of a bankruptcy proceeding (potentially years later) before appealing an order lifting a stay that had been entered at the beginning of the proceedings. Thomas-Wise's appeal was untimely insofar as it addressed the order to lift the stay and, as a result, I lack jurisdiction to address it. *In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016) ("the failure to file a timely notice of appeal strips the district court of jurisdiction to hear the appeal," and "[t]here are no equitable exceptions to a jurisdictional requirement").

5

Thomas-Wise's appeal was not entirely untimely; she met the deadline to appeal the denial of her motion to vacate. [9] at 68–69. Bankruptcy Rule 8002 is modeled on Federal Rule of Appellate Procedure 4. Fed. R. Bankr. P. 8002 advisory committee's notes. Under Federal Rule of Appellate Procedure 4, when an appellant misses the deadline to appeal an underlying decision but files a timely appeal of the denial of a motion to reconsider, the appellate court has jurisdiction over the denial of the motion to reconsider even if it does not have jurisdiction over the denial of the underlying motion. *Tunca v. Lutheran Gen. Hosp.,* 844 F.2d 411, 412 (7th Cir. 1988). *See also Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 112 (7th Cir. 1985) (on appeal, the reviewing judge may "only consider whether the denial of the motion was an abuse of discretion," and "cannot reach the merits of the underlying judgment"). *See also* Fed. R. Bankr. P. 8002(b)(3).

The bankruptcy judge did not abuse his discretion in denying Thomas-Wise's motion to vacate. The Bankruptcy Code grants the bankruptcy judge the discretion to determine what notice and opportunity for a hearing is appropriate in the particular circumstances, 11 U.S.C. §§ 102(1)(A), 362(d), and the bankruptcy judge did not abuse his discretion when he denied the motion to vacate because he found that due process had been provided; notice had been mailed to the proper address and Thomas-Wise had appeared at the hearing and presented her defense. *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009); *Schluga v. City of Milwaukee*, 101 F.3d 60, 62 (7th Cir. 1996) ("[t]he due process clause does not require notice *in fact* to persons having property interests, but only reasonable efforts at notice")

(emphasis in original). *See also Matter of Boomgarden*, 780 F.2d at 662 (a court that hears "arguments from both parties" and that "cover(s) all of the important substantive provisions of § 362(d)" does not violate a debtor's due process rights); *Matter of Vitreous Steel Prod. Co.*, 911 F.2d at 1232; *Matter of McGaughey*, 24 F.3d 904, 906 (7th Cir. 1994) ("[s]uch hearings may be summary in character—strictly limited to an examination of the adequacy of protections for creditors' interests and other equitable considerations"). The bankruptcy judge adequately considered Thomas-Wise's argument and had sufficient information to resolve the matter—he did not abuse his discretion in denying the motion to vacate. *See also In re Bartle*, 560 F.3d 724, 730 (7th Cir. 2009) (due process violations can be remedied if notice and an opportunity to be heard are provided as part of a motion to reconsider).

The order of the bankruptcy court is affirmed. Enter judgment in favor of appellee and terminate case.

ENTER:

Date: July 29, 2019

Manish S. Shah
U.S. District Judge